**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

SHYLA D.,

                Plaintiff,

    v.                                 3:20-CV-1295
                                                       (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,

                Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER     JUSTIN M. GOLDSTEIN, ESQ.
Attorney for Plaintiff                            KENNETH HILLER, ESQ.
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.          CHRISTOPHER POTTER, ESQ.
OFFICE OF REG'L GEN. COUNSEL
Attorney for Defendant
J.F.K. Federal Building - Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## MEMORANDUM-DECISION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a

decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 16 & 22.  For the reasons set forth below, the Commissioner's determination is affirmed.  Accordingly, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted.

## I. RELEVANT BACKGROUND

### A.  Procedural History

Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income in January 2018.  Dkt. No. 12, Admin. Tr. ("Tr."), pp. 161-74.  Plaintiff alleges disability based upon anxiety, depression, obsessive compulsive disorder, and post-traumatic stress disorder.  Tr. at p. 195.  She alleged a disability onset date of January 19, 2018.  Tr. at p. 191.  Plaintiff's applications were initially denied in June 2018, after which she timely requested a hearing before an Administrative Law Judge ("ALJ").  Tr. at pp. 76-85.  Plaintiff appeared at a hearing before ALJ Stanley K. Chin on December 6, 2019 at which Plaintiff and a vocational expert ("VE") testified.  Tr. at pp. 33-51.  On January 14, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 12-26.  On September 10, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2023. Tr. at p. 15. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: cervical spine disorder, left shoulder disorder, major depressive disorder, post-traumatic stress disorder, and anxiety disorder. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 15-18. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that

> The claimant is limited to frequent reaching and overhead reaching with the left upper extremity. The claimant is limited to simple and repetitive tasks in a routine work setting, performed in a work environment free of fast-paced production requirements, involving only simple work-related decisions and infrequent and gradual workplace changes, and occasional interaction with the public, coworkers, and supervisors.

Tr. at p. 18. Next, the ALJ found that Plaintiff could not perform her past relevant work. Tr. at p. 24. Finally, the ALJ went on to find that there was also other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at p. 25. The ALJ, therefore, concluded that Plaintiff is not disabled. *Id.*

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

3

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges that the ALJ's RFC determination was not supported by substantial evidence. Dkt. No. 16, Pl.'s Mem. of Law at pp. 11-25. Defendant, in turn, submits that the proper legal standards were applied and that the decision should be affirmed as supported by substantial evidence. Dkt. No. 22, Def.'s Mem. of Law at pp. 3-18.

A claimant's RFC is the most she can still do despite her limitations. *Penny Ann W. v. Berryhill*, 2018 WL 6674291, at *4 (N.D.N.Y. Dec. 19, 2018). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153. The Court will not reweigh the evidence that was before

the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court 'will not reweigh the evidence presented at the administrative hearing, . . . nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it.'") (quoting *Lefford v. McCall*, 916 F. Supp. 150, 155 (N.D.N.Y. 1996)); *Vincent v. Shalala*, 830 F. Supp. 126, 133 (N.D.N.Y. 1993) ("[I]t is not the function of the reviewing court to reweigh the evidence.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

"[I]t was within the ALJ's purview to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine her RFC." *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019); *see also Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). Additionally, "[i]t is the province of the ALJ to resolve genuine conflicts in the record." *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *4 (N.D.N.Y. Feb. 27, 2017) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). As a result, when the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's resolution" regarding the appropriate weight to be afforded to

various medical opinions. *Teresa L. v. Comm'r of Soc. Sec.*, 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020).

### A. Plaintiff's Physical RFC

Physically, the ALJ found that Plaintiff could perform light work, though with certain limitations on her ability to reach. Tr. at p. 18. Broadly summarized, Plaintiff objects that the ALJ improperly rejected the opinion of a treating provider and then reached conclusions about her physical abilities without benefit of a medical opinion. Pl.'s Mem. of Law at pp. 12-21. Having reviewed the record, the Court concludes that there is no basis for remand.

#### *1. Preliminary Arguments*

Defendant makes two threshold arguments to support the ALJ's decision to find the opinion of Dr. Melissa Thibault unpersuasive. First, Defendant argues that the time of the opinion, at a time when Plaintiff was working, renders it deficient. Def.'s Mem. of Law at p. 4. Second, Defendant submits that the opinion was also deficient because it was provided on a check-box form without specific explanation of its rationale. *Id.* at pp. 4-5. The ALJ, however, cited neither of these concerns as a basis for discounting Dr. Thibault's opinion. Tr. at p. 21. Because "[t]he ALJ did not articulate this reasoning in h[is] decision . . . the Court will not consider post hoc rationalizations." *Elizabeth P. v. Comm'r of Soc. Sec.*, 2022 WL 507367, at *13 n. 12 (N.D.N.Y. Feb. 18, 2022); *see also Kristie B. v. Comm'r of Soc. Sec.*, 2019 WL 6768567, at *7 (N.D.N.Y. Dec. 12, 2019).

*2. The Consideration of Plaintiff's Treating Doctor*

The parties agree this case is controlled by the new Social Security Administration regulations governing evaluation of medical opinions. Pl.'s Mem. of Law at p. 11-12; Def.'s Mem. of Law at p. 5. "Under the new regulations, the treating physician rule no longer applies." *Smith v. Comm'r of Soc. Sec.*, 2022 WL 421136, at *10 (S.D.N.Y. Feb. 11, 2022). "Therefore, no special deference is given to the treating physician's opinion." *Id.* (citing, *inter alia*, 20 C.F.R. § 416.920c(a)). The regulations, however, continue to require Defendant to consider many of the same factors previously addressed under the treating physician rule including the supportability and consistency of an opinion with other evidence, the relationship of the medical provider with the patient, and the extent, if any, of a doctor's specialization. *Compare* 20 C.F.R. § 416.920c(a) & (c) *with Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (outlining factors relevant under treating physician rule). Under the new regulations supportability and consistency are "[t]he most important factors." 20 C.F.R. § 416.920c(a). "Both supportability and consistency in part require comparison of the medical opinions with other medical sources." *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)-(2)).

The record reflects that the ALJ carefully considered the opinion of Dr. Thibault. He identified the limitations stated in Dr. Thibault's opinion and recognized that Dr. Thibault had personally examined Plaintiff, but went on to conclude that the limitations opined by Dr. Thibault were neither fully supported by the objective evidence in the

record nor consistent with it. Tr. at p. 21. In doing so, the ALJ considered the most important factors addressed by Defendant's new regulations for evaluating medical opinions. In discounting Dr. Thibault's medical opinion, the ALJ relied on what he found to be "mostly unremarkable findings" despite some limitations. *Id.* A review of the medical record themselves demonstrate that the ALJ's conclusions are clearly supported by substantial evidence. Those records include notations about what Dr. Thibault found to be "the relatively benign nature of [Plaintiff's] symptoms" in September 2018. Tr. at p. 540. Those notes further reflected that in December 2018, when Plaintiff next saw Dr. Thibault, she was experiencing intermittent tingling in her arms, as well as neck, shoulder, and back pain. Tr. at p. 545. None of that pain is recorded as causing Plaintiff the type of severe pain reflected in Dr. Thibault's 2019 medical opinion. *Id.* In fact, some pain was characterized as being present "every few days for just 5-10 minutes." *Id.* At that time Plaintiff's left shoulder pain was "much better." Tr. at p. 546. Upper arm pain was "mild and relatively infrequent." *Id.* This record, as cited to and explained by the ALJ, amply supported his conclusion that the medical opinion proffered by Dr. Thibault was neither supported by nor consistent with the objective evidence in the record.[2]

The ALJ also noted a conservative course of treatment, Tr. at p. 21, but contrary to Plaintiff's suggestion, the existence of a conservative course of treatment "is one

---

[2] Because Plaintiff seeks a close period of disability, Tr. at p. 46, these examinations are the most relevant to analyzing the ALJ's decision.

9

factor an ALJ may consider in determining whether a treating provider's opinion is well-supported and consistent with other substantial evidence in the record." *Becky Sue H. v. Kijakazi*, 2022 WL 304518, at *2 (N.D.N.Y. Feb. 2, 2022) (citing cases); *see also Jaworski v. Colvin*, 2015 WL 5750041, at *7 (N.D.N.Y. Sept. 30, 2015) (conservative course of treatment may be relevant to analyzing subjective complaints). Here, this was one of just many factors the ALJ considered in his thorough review of Dr. Thibault's opinion and it was not a factor disputed by Plaintiff.

Nor does the failure to have expressly referenced Dr. Thibault's specialty provide a basis for remand because "under the new regulations, the ALJ is required to consider, but need not explicitly discuss" the specialization factor. *Jackson v. Kijakazi*, 2022 WL 620046, at *13 (S.D.N.Y. Mar. 3, 2022). Plaintiff's medical records, which the ALJ considered in detail, make clear the nature of Dr. Thibault's practice and it is clear that her specialty was considered in any event.

Plaintiff also argues that the RFC was not supported by substantial evidence. This argument is based primarily, however, on the assumption that the ALJ should have included the limitations opined by Dr. Thibault. Pl.'s Mem. of Law at pp. 19-21. Having concluded that the ALJ did not err in finding Dr. Thibault's opinion unpersuasive, it was likewise not error for the ALJ not to credit the limitations identified in that opinion in assessing Plaintiff's RFC.

Finally, Plaintiff maintains that remand is required because the ALJ's RFC determination is not based on any medical opinion. Pl.'s Mem. of Law at pp. 18-19.

10

"[T]here is no legal requirement that the ALJ rely on a medical opinion in every case to formulate the RFC. Rather, the ALJ has the responsibility of reviewing all the evidence before him, resolving inconsistencies, and making a determination consistent with the evidence as a whole." *April B. v. Saul*, 2019 WL 4736243, at *5 (N.D.N.Y. Sept. 27, 2019) (citing cases). "[T]he RFC is an administrative finding reserved to the Commissioner and not a medical finding." *Desirae D. v. Comm'r of Soc. Sec.*, 2021 WL 2042576, at *3 (W.D.N.Y. May 21, 2021) (citing 20 C.F.R. § 416.927(d)). As a result, "an ALJ is free to reach an RFC finding even without any supporting medical source opinions." *Nersinger v. Comm'r of Soc. Sec.*, 2020 WL 1151459, at *4 (W.D.N.Y. Mar. 10, 2020) (citing Second Circuit decisions). Where, as here, the ALJ reaches an RFC determination based on a careful review of the medical evidence and the entire record viewed as a whole, remand is not required. *Cook v. Comm'r of Soc. Sec.*, 818 Fed. Appx. 108, 110 (2d Cir. 2020); *Patrick S. v. Comm'r of Soc. Sec.*, 2021 WL 5357942, at *3 (W.D.N.Y. Nov. 17, 2021).

### B. Plaintiff's Mental RFC

The ALJ considered the opinions of three individuals assessing Plaintiff's mental capacity. Dr. Momot-Baker, the state agency review psychologist, Dr. Amanda Slowik, a consultative examiner, and Andrea Lajoie, Plaintiff's treating therapist. Plaintiff makes several arguments regarding the ALJ's consideration of these opinions, but none is a basis for remand.

Plaintiff contends that the ALJ erred in finding the opinion of Dr. Momot persuasive. Pl.'s Mem. of Law at pp. 22-23. Principally, Plaintiff objects that Dr. Momot did not have all of Andrea Lajoie's treatment notes available for review at the time of the opinion. *Id.* Because Ms. Lajoie is a treating therapist, Plaintiff maintains that the lack of access to a complete record undercuts Dr. Momot's opinion. *Id.* The ALJ, however, specifically recognized that Dr. Momot's opinion was based only on the "evidence available in the record at the time his opinion was rendered" and weighed it accordingly. Tr. at p. 22. He went on to carefully explain his consideration of Dr. Momot's opinion and provided a specific basis for his conclusions regarding that opinion. *Id.* While the ALJ considered inconsistencies between Dr. Momot's opinion and those of Ms. Lajoie as one basis for discounting the latter's opinion, it was clearly not the sole basis for doing so and so Dr. Momot's lack of complete records does not render this conclusion unsupported by the record. Tr. at p. 23. There is no question that "an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability." *Moxham v. Comm'r of Soc. Sec.*, 2018 WL 1175210, at *7 (N.D.N.Y. Mar. 5, 2018) (citing cases); *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018). The ALJ did so here and provided sufficient reasons for proceeding in that manner.

Next, Plaintiff contends that the ALJ erred in finding the opinion of Dr. Slowik consistent with that of Dr. Momot because Dr. Slowik's opinion was more limiting.

12

Pl.'s Mem. of Law at pp. 24-25. The fact that one medical opinion contains greater limitations than another does not preclude a finding that the two are generally consistent. *See Allen v. Comm'r of Soc. Sec.*, 2014 WL 5288999, at *9 (N.D.N.Y. Oct. 15, 2014). The ALJ also provided a detailed discussion of the basis for his evaluation of Dr. Slowik's opinion. Tr. at pp. 22-23. Plaintiff argues that finding Dr. Slowik's opinion persuasive is inconsistent with his failure to include greater limitations in his RFC. Pl.'s Mem. of Law at p. 24. This argument overlooks two bedrock principles underlying court review of ALJ determinations. First, an ALJ need not adopt every limitation stated in any particular medical opinion. *Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *4. Second, Plaintiff's position is essentially that Dr. Slowik's opinion was actually more aligned with that of Ms. Lajoie than that of Dr. Momot, but this is a quintessential example of a request that the Court reweigh the evidence which the Court declines to do. *Joanne R. v. Kijakazi*, 2021 WL 5629077, at *3 (N.D.N.Y. Dec. 1, 2021) (citing cases); *Alfred M. v. Saul*, 2020 WL 3545565, at *5 (N.D.N.Y. June 30, 2020) (citing cases).

Finally, Plaintiff argues that the ALJ improperly relied on certain mental status examinations in rejecting Ms. Lajoie's opinions. Pl.'s Mem. of Law at p. 25. Plaintiff claims that doing so resulted in the ALJ substituting his opinion for those of Ms. Lajoie. *Id.* It is the ALJ's role "to choose between properly submitted medical opinions." *Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6. As a result, when the ALJ's conclusions find reasonable support in the record, courts "will defer to the ALJ's

13

resolution" regarding the appropriate weight to be afforded to various medical opinions. *Teresa L. v. Comm'r of Soc. Sec.*, 2020 WL 6875254, at *7 (W.D.N.Y. Nov. 23, 2020). The ALJ carefully discussed the various mental health evaluations in the record, discussing both the limitations found and facts suggesting Plaintiff's functional capacity was greater than opined by some. Tr. at pp. 21-23. Plaintiff's citation to the decision in *Dany Z. v. Saul* is unavailing because the court there emphasized that normal mental status findings might be insufficient to support a finding of no disability, but did so with the caveat "where other evidence in the record was ignored." 531 F. Supp. 3d 871, 885 (D. Vt. 2021). Here, Plaintiff cannot show that other relevant record evidence was ignored, only that she believes it should have been weighed differently. The ALJ highlighted specific areas of Plaintiff's functional ability that he believed demonstrated inconsistencies between Ms. Lajoie's treatment notes and her opinion, Tr. at p. 23, but Plaintiff does not take issue with any specific aspect of that finding. Instead, she cites only to caselaw demonstrating the general proposition that some positive mental findings do not per se exclude a finding of disability. *See* Pl.'s Mem. of Law at p. 25. On the record before the Court, however, the ALJ's conclusion cannot be read as contrary to that general point, but to conclude in light of the entire record that despite recognized mental and emotional difficulties Plaintiff retains the functional capacity to work. That determination is supported by substantial evidence and must be affirmed.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: March 16, 2022
   Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge